# NO. 12-10-00312-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RIGOVERTO MENDOZA A/K/A LUTHER RICO MENDOZA,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Appellant attempts to appeal a nunc pro tunc judgment signed by the trial court in its cause number 23846, styled "The State of Texas v. Rigoverto Mendoza." We dismiss for want of jurisdiction.

As pertinent here, Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). The trial court signed the nunc pro tunc judgment on July 19, 2010. Therefore, Appellant's notice of appeal was due to have been filed on or before August 18, 2010. However, Appellant did not file his notice of appeal until September 14, 2010, and did not file a motion for extension of time to file his notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3. *See* TEX. R. APP. P. 26.3 (appellate court may extend time for filing notice of appeal if, within fifteen days after deadline for filing notice of appeal, appellant files notice of appeal in trial court and motion complying with Texas Rule of Appellate Procedure 10.5(b) in appellate court).

On September 17, 2010, this court notified Appellant that his notice of appeal was untimely and that there was no timely motion for an extension of time to file the notice of appeal as permitted by rule 26.3. Appellant was further informed that the appeal would be dismissed unless, on or before September 27, 2010, the information filed in this appeal was amended to show the jurisdiction of this court. The deadline has passed, and Appellant has neither shown the jurisdiction of this court nor otherwise responded to its September 17, 2010, notice.

Because this court has no authority to allow the late filing of a notice of appeal except as provided by rule 26.3, the appeal must be dismissed. ***See Slaton v. State***, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); ***Olivo v. State***, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, the appeal is ***dismissed for want of jurisdiction***. All pending motions are overruled as moot.

Opinion delivered September 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)